IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCRONIC, | No. 4:22-CV-01777 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| STEPHEN SPAULDING, | |
| Respondent. | |

MEMORANDUM OPINION

DECEMBER 28, 2022

Petitioner Michael Scronic, an inmate confined at the Federal Prison Camp, Lewisburg, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges several determinations made by the Federal Bureau of Prisons (BOP) in calculating his earned time credits under the First Step Act of 2018.[1] Because Scronic has failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition.

I.   BACKGROUND

Scronic is currently serving a 96-month sentence imposed by the United States District Court for the Southern District of New York for Securities Fraud.[2] His projected release date is April 12, 2024.[3]

---

[1]   Pub. L. 115-391, 132 Stat. 5194 (2018).
[2]   *See* Doc. 8-1 at 3 ¶ 3.
[3]   *See id.*

Scronic asserts that the BOP has miscalculated how many earned time credits (ETCs) he has accumulated during his incarceration.[4] He claims that he is owed additional earned time credits and that his release date should be "September 18, 2023[,] or sooner."[5] He further alleges that his transfer to a residential reentry center or to home confinement should be "near-immediately."[6]

Respondent—Warden Stephen Spaulding—has responded to Scronic's Section 2241 petition,[7] arguing that Scronic's petition must be dismissed because he has failed to exhaust his administrative remedies. The Court agrees.

## II. DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[8] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[9] The BOP has a specific internal system through which federal prisoners can request review of any aspect

---

[4] *See generally* Doc. 1.
[5] *Id.* at 1.
[6] Doc. 7 at 1.
[7] *See generally* Doc. 8.
[8] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[9] *Moscato*, 98 F.3d at 761-62 (citations omitted)

of their imprisonment.[10]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[11]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[12]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[13]  Exhaustion is likewise excused when it would be futile.[14]

According to BOP records, Scronic filed one FSA-related administrative remedy—Remedy 1138943-F1—on October 28, 2022.[15]  That remedy was denied by Respondent on November 1, 2022, the first level of administrative remedy review.[16]  Scronic claims that he appealed that decision to the Regional Director on November 9, 2022,[17] and that the regional office failed to respond.[18]  The Court observes, however, that according to the Attorney Advisor for the BOP, Scronic

---

[10] *See generally* 28 C.F.R. §§ 542.10-.19.
[11] *See id.* §§ 542.13-.15.
[12] *See Moscato*, 98 F.3d at 761.
[13] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[14] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[15] *See* Doc. 8-1 at 4 ¶ 6; *id.* at 11.
[16] Doc. 8-1 at 10.
[17] *See* Doc. 9-1.
[18] *See* Doc. 9.

did not file any appeals for Remedy 1138943-F1.[19] Even if the Court were to decide this factual dispute in Scronic's favor, Scronic does not contend or establish that he appealed to the final level of review with the General Counsel.

It is clear from the record that Scronic has failed to exhaust his administrative remedies. Although he briefly asserts that "this is a matter of statutory construction" and exhaustion is not required,[20] he does not develop this argument at all. Nor is it convincing. Scronic is disputing the calculation and application of his earned time credits, a complicated matter that is very much within the expertise of the BOP and must be addressed by that agency before coming to federal court. Consequently, the Court must dismiss Scronic's Section 2241 petition for failure to exhaust.[21]

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Scronic's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[19]  *See* Doc. 8-1 at 4 ¶ 6.
[20]  *See* Doc. 9.
[21]  *See Moscato*, 98 F.3d at 761.